# MARCELLE M. LeCOMPTE
## ATTORNEY AT LAW
SUITE 1260
53 WEST JACKSON BLVD.
CHICAGO, IL 60604
773-882-0361

*12-2-13*
*S. Kasen*
*130*

Honorable Judge Joan Gottschall                                    December 2, 2013
219 N. Dearborn
Chicago, IL 60604

Re:     **Plaintiff's Expert Dennis Waller's Opinions**
        <u>**Burgs v. Pearson, et.al.**</u> **13 CV 1988**

Your Honor:

    In accordance with the Court's request and order entered October 9, 2013, this letter is submitted to clarify the testimony Plaintiff wishes to introduce from her tendered Police Procedures expert, Dennis Waller.  A copy of this letter will be hand-delivered to opposing counsels' office by the undersigned on today's date.  The intended testimony is as follows:

    1.      Based upon his experience and education in law enforcement, training, and administration, as delineated in his Report (Ex. A, Defs' Motion, Dkt # 26), Dennis Waller should be permitted to testify regarding the standard practice and procedures in investigating a homicide [resulting from a police shooting] including:

- the goal of the investigation being to determine whether it was justified self-defense; [Report, §§ A.3; D.1]
- the structure and role, according to practice, of various officers;
- proper handling/interviews of involved police officers and witness officers and importance to integrity of investigation; [§ B.3]
- proper handling/interviews of civilian witnesses and importance to integrity of investigation; [§§ B.3, 12]
- proper procedures for searching for, identifying, gathering, and processing of physical evidence;
- proper course of investigation by vetting all information/versions of events to resolve inconsistencies and arrive at conclusion.

    2.      After review of relevant documentation and testimony, Mr. Waller, as a police procedures expert, concluded the investigation here was conducted outside of standard practices, despite same goal, [§ A.3], describing the inconsistencies in comparative manner, including:

- Defendant and witness officers were not separated and were allowed to congregate, [§ B.3];
- Defendants should not have been provided relevant investigation information prior to interview, [§§ B.5, a, b];
- civilian witnesses were sent from scene and not interviewed, [§§ B.3, 12];
- Not all inconsistencies were reconciled; the investigation relied upon Defendant's version alone for gathering of evidence; it is not customary, and is unusual, to rely solely upon the

shooting officer's construction of events.  [§§ A.1-3; B.8a; 9a, b, e; B.11; C.1-3; D.1, 2a];
- procedures for identifying, gathering, and processing physical evidence were not complete, [including: magazines were not examined, bullets not counted, from all officers on scene; Defendant's gun was not promptly collected; lab analyses were not examined], [§§ B.6; B.7; C]
- the incident review was completed and concluded within twelve hours.  [§ E]

     3.     Based upon the comparative of national standards and actual events, the opportunity existed for fabrication of evidence to justify the shooting.  [§ E].

     4.     Mr Waller is qualified to testify about the circumstances under which use of force, and deadly force, is authorized, including explaining that, in accordance with national standards of law enforcement, if Mr. Burgs was not armed, then use of deadly force was not allowed.

## ADDITIONAL OPINION NOT CHALLENGED

Defendants' motion did not challenge Mr. Waller's addendum report which was tendered after completion of a state court granted review of physical evidence at CPD Evidence and Recovered Property.  (*See*, Report attached as Plaintiff's Addendum 1.)  The following opinion was propounded by Mr. Waller, to which Plaintiff wishes to have him testify:

     5.  Based upon his experience, Defendant's conduct, as reported by Defendant, during the incident was not consistent with standard officer training wherein officers are trained to continue firing their weapon. [§ F.3].

## TESTIMONY THAT WILL NOT BE ELICITED

Plaintiff does not intend to request Mr. Waller's report, itself, be submitted to the jury.  Also, as relayed in Plaintiff's Response to Defendants' Motion to Bar Waller [Dkt. # 35, p. 4], and consistent with controlling law, Plaintiff does not intend to introduce the following testimony by Mr. Waller, unless allowed by the Court upon opening by Defendants during trial:
- motivations of investigating CPD;
- conclusion as to whether Defendant Pearson's conduct was excessive force, reasonable, or justified.
- credibility of particular witnesses or which witness, or version, jury should believe; or,
- the City's practice of condoning and/or covering up officer misconduct.

Sincerely,

Marcelle M. LeCompte

cc:    Richard B. Friedman, Attorney for Plaintiff
        Steve Fine, Attorney for Plaintiff
        Matthew Hurd, Attorney for Defendants
        Christopher Wallace, Attorney for Defendants